## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**PLASTIC THE MOVIE LIMITED,**

      **Plaintiff,**

**v.**                                **Case No: 5:15-cv-151-Oc-CEMPRL**

**JOHN DOE**

      **Defendant.**

_____

### ORDER

Plaintiff, Plastic the Movie Limited, as the alleged owner of the copyright for *Plastic*, seeks permission to serve Bright House Networks Online Services, the defendant's alleged Internet Service Provider ("ISP"), with a subpoena before the Federal Rule of Civil Procedure 26(f) conference. (Doc. 8). With an <u>assumption</u> that the subscriber is the infringer, it alleges the defendant, known to it only by an internet protocol ("IP") address, infringed its copyright by using BitTorrent protocol[1] to copy and distribute the movie. (Doc. 8-1). It argues it needs early discovery to identify him or her. *Id.*

A court has broad discretion in managing discovery. *Klay v. All Defendants*, 425 F.3d 977, 982 (11th Cir. 2005). A court may permit a party to conduct discovery before a Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). Courts usually require a showing of good cause for early discovery. *See TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 299 F.R.D. 692, 694 (S.D. Fla. 2014); *Digital Sin, Inc. v. Does 1–176*, 270 F.R.D. 239, 241 (S.D.N.Y. 2012); *Dorrah v.*

---

[1]Because many courts have already done so, the Court will refrain from describing the BitTorrent protocol here. *See, e.g., Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1026−27 (9th Cir. 2013); *Malibu Media, LLC v. Does 1−28*, 295 F.R.D. 527, 529–30 (M.D. Fla. 2012).

*United States*, 282 F.R.D. 442, 445 (N.D. Iowa 2012).

Here, Plaintiff has established good cause for early discovery: it has sufficiently alleged infringement, (Doc. 1, ¶¶ 36-38); it does not have another way to discover the putative infringer's identity to proceed with the litigation, (Doc. 8-1, pp. 8-9); and ISPs rarely maintain the information for long.  (Doc. 8-1, pp. 7-8).   The Court therefore **GRANTS** Plaintiff's motion, (Doc. 8), as follows:

1.  Plaintiff may serve on Bright House Networks Online Service a Federal Rule of Civil Procedure 45 subpoena commanding the name, address, email address, and telephone number of the subscriber of the identified IP address. The subpoena must attach the complaint and this order.[2]

2.  Plaintiff may use the subscriber's information only to protect and enforce its rights set forth in the complaint.

3.  If Bright House Networks Online Service is a "cable operator" under 47 U.S.C. § 522(5),[3] it must comply with 47 U.S.C. § 551(c)(2), which permits a cable operator to disclose personal identifying information if the disclosure is "made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed," by sending a copy of this order to the defendant.

**DONE** and **ORDERED** in Ocala, Florida on April 28, 2015.

PHILIP R. LAMMENS
United States Magistrate Judge

---

[2]Plaintiff attaches a proposed order to its motion that would permit it to also serve a subpoena "on any provider identified in response to a subpoena as a provider of Internet services to the Defendant." (Doc. 8-4, ¶ 3).   Plaintiff has not requested that relief or otherwise explained the basis for the proposed language in its motion.   (Docs. 8, 8-1).   The Court therefore declines to include it.

[3]Section 522(5) defines a "cable operator" as "any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system."

Copies furnished to:

Counsel of Record
Unrepresented Parties